UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NYCERE EZEKIEL BEY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01738-SNLJ |
| | ) | |
| JOSEPH L. WALSH, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of a document filed by pro se petitioner Nycere Ezekiel Bey, a/k/a Curtis L. Flanagan, which has been construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the petition will be dismissed.

### **The Complaint**

On October 19, 2018, petitioner filed a document with the Court titled "writ to dismiss under federal rules of evidence rule 201." (Docket No. 1 at 1). The filing was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Within the document, petitioner references two Missouri criminal cases: *State of Missouri v. Flanagan*, No. 18SL-CR01374-01 (21st Jud. Cir., St. Louis County), in which petitioner was charged with two counts of filing a false lien, two counts of forgery, and two counts of tampering with a judicial officer; and *State of Missouri v. Flanagan*, No. 17SL-CR09616-01 (21st Jud. Cir., St. Louis County), in which petitioner was charged with forgery and filing a false lien.[1] At the time petitioner filed this

---

[1] Petitioner also references two other cases that do not appear to have a bearing on this matter. One, *Matrix Financial Service v. Flanagan*, No. 17SL-CC04189 (21st Jud. Cir., St. Louis County), is a quiet title action in which judgment was entered against petitioner. The other, 17SL-CR10203-01, does not correspond to any pending or closed case available for review on Case.net, the State of Missouri's online docketing system.

action, these cases were pending. However, petitioner has since been convicted and sentenced in both cases.

Petitioner states that he is an "indigenous moor" and a member of the ancient American Yisrael nation. (Docket No. 1 at 1, 4). As such, he asserts that he is not subject to the "foreign jurisdiction" of the United States. (Docket No. 1 at 4). Moreover, he claims that he is not a U.S. citizen or national, and that he does not reside within a federal zone, state, or territory of the United States. Petitioner also claims that he is the "beneficial owner/entitlement holder and 1st lien holder of en[s] legis" Curtis L. Flanagan.

Petitioner seeks an order dismissing his state criminal cases and granting his immediate release. (Docket No. 1 at 8). He asserts that the State of Missouri lacks jurisdiction over him, and that accordingly, he is being falsely imprisoned. (Docket No.1 at 5). Specifically, he states that he is not a U.S. citizen, subject, resident, member, ward, employee, or franchise of Missouri, and that he has not given written, oral, or implied consent to jurisdiction.

**Discussion**

Petitioner claims that he should be released from incarceration because the State of Missouri has no jurisdiction over him and he has not consented to the actions against him. Attached to the petition are one-hundred-thirty (130) pages of exhibits, including, but not limited to: a document from the Internal Revenue Service assigning Curtis Flanagan an employee identification number; a "Declaration of Ownership" in which petitioner states that he is the registered owner of Curtis Flanagan's birth certificate; a document purporting to be an "Abjuration of Citizenship"; an indemnity agreement between Curtis Flanagan and Nycere Bey; and a copy of the United Nations Declaration on the Rights of Indigenous Peoples. The thrust of

the petition and the attached exhibits is that petitioner is a uniquely independent entity not subject to the laws of the United States or the State of Missouri.

The terminology, phrases, and arguments used by petitioner are similar to the type propounded by so-called "sovereign citizens." Sovereign citizens believe they are not subject to the jurisdiction of the courts and often deny they are the defendants in a particular action. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013). Such jurisdictional arguments have been deemed frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen).

Petitioner has unsuccessfully raised this argument before, in other civil cases filed before this Court. *See Bey v. Calverton Park Police*, No. 4:12-cv-1459-CDP (E.D. Mo. Aug. 23, 2012); *Bey v. City of Ferguson Police*, No. 4:12-cv-1460-HEA (E.D. Mo. Aug. 27, 2012); and *Bey v. St. Louis Cty. Police Dep't*, No. 4:12-cv-1461-SNLJ (E.D. Mo. Aug. 31, 2012). Indeed, petitioner recently brought a 28 U.S.C. § 2241 action nearly identical to the instant case, seeking release from the same state criminal cases because of a lack of jurisdiction. *Bey v. Childrey*, No. 4:18-cv-494-NAB (E.D. Mo. Apr. 3, 2018). That case was denied and dismissed as frivolous. Petitioner has provided no basis for a different outcome in the case presently before the Court.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. §

2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). As discussed above, petitioner premises his request for relief on a discredited argument that the state court lacks jurisdiction over him. Thus, it plainly appears that petitioner is not entitled to relief on his § 2241 petition and the petition will be summarily dismissed. Further, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 12th day of March, 2019.

                                                       STEPHEN N. LIMBAUGH, JR.
                                                      UNITED STATES DISTRICT JUDGE